IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC BIGONE,

      Plaintiff,                             No. CIV S-10-1947 GGH P

   vs.

A. POMAZAL, et. al.,

      Defendants.                       <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA). On August 17, 2010, the court found that plaintiff has stated a cognizable claim against defendant Pomazal, but dismissed all other claims and defendants with leave to amend. On October 12, 2010, plaintiff filed a first amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff's original complaint was dismissed as it was difficult to identify viable claims and defendants in the complaint as plaintiff intertwined his claims under the Eighth Amendment and the ADA. Plaintiff described many instances where his medical requests were denied and he concludes this was a violation of the ADA and the Eighth Amendment.

1         Plaintiff's first amended complaint contains very little specific information. It lists the defendants and then states they have all violated his rights by not providing proper medical care or ADA accommodations. Plaintiff does not describe how the individual defendants violated his constitutional rights. Plaintiff is again reminded that being denied ADA classification does not state a claim under the ADA. Plaintiff must describe how he was excluded from certain activities due to a disability. Plaintiff also frequently refers to his original complaint in an attempt to address his claims.

         The first amended complaint is dismissed with leave to file a second amended complaint within twenty-eight days of this order. No further amendments will be allowed. Plaintiff may not refer to his prior complaints if he files a second amended complaint.

         Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

         In order to state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

         A serious medical need exists if the failure to treat a prisoner's condition could

1  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications
2  that a prisoner has a serious need for medical treatment are the following:  the existence of an
3  injury that a reasonable doctor or patient would find important and worthy of comment or
4  treatment; the presence of a medical condition that significantly affects an individual's daily
5  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900
6  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01
7  (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other
8  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

9  In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very
10 strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of
11 course, negligence is insufficient.  Farmer, 511 U.S. at 835.  However, even civil recklessness
12 (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should
13 be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would
14 have known of the risk or that a defendant should have known of the risk.  Id. at 842.

15 It is nothing less than recklessness in the criminal sense-subjective
16 standard-disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842.  "[T]he
17 official must both be aware of facts from which the inference could be drawn that a substantial
18 risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Thus, a defendant
19 is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk
20 by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official
21 acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  If
22 the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42.
23 However, obviousness per se will not impart knowledge as a matter of law.

24 Title II of the ADA "prohibit[s] discrimination on the basis of disability."  Lovell
25 v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual
26 with a disability shall, by reason of such disability, be excluded from participation in or be denied

the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. <u>Pennsylvania Dept. of Corrections v. Yeskey</u>, 524 U.S. 206, 118 S.Ct. 1952, 1955, 141 L.Ed.2d 215 (1998); <u>see</u> also <u>Armstrong v. Wilson</u>, 124 F.3d 1019, 1023 (9th Cir.1997); <u>Duffy v. Riveland</u>, 98 F.3d 447, 453-56 (9th Cir. 1996).

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. <u>McGary v. City of Portland</u>, 386 F.3d 1259, 1265 (9th Cir. 2004).

Accordingly, IT IS HEREBY ORDERED that:

1. The first amended complaint is dismissed for the reasons discussed above, with leave to file a second amended complaint within twenty-eight days from the date of service of this order. No further amendments will be allowed. Failure to file a second amended complaint will result in a recommendation that these defendants be dismissed from this action.

2. Upon filing a second amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: October 29, 2010           /s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH:AB
bigo1947.b1-2